UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JESUS MASSIE,<br><br>            Petitioner,<br><br>     v.<br><br>F. GUZMAN, Warden,<br><br>            Respondent. | No. 1:24-cv-00726-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PREMATURE PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant habeas petition on June 21, 2024, challenging his 2021 conviction in Kern County Superior Court. Because the petition is premature, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Premature Petition

On November 5, 2021, Petitioner was convicted in the Kern County Superior Court of receiving a stolen vehicle, driving or taking another's vehicle, evading a peace officer, possession of ammunition by a previous offender, and bringing a controlled substance into a jail.  (Doc. 1 at 1.)  He appealed to the California Court of Appeals, which affirmed judgment on May 13, 2024. (Doc. 1 at 2.)  On June 17, 2024, Petitioner submitted a petition for review to the California Supreme Court. (Doc. 1 at 2, 75.)  Petitioner states the petition is currently pending. (Doc. 1 at 2.)

It is premature for this court to review Petitioner's collateral attack on his conviction because direct review is still ongoing, and there is no final judgment. A federal court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

The Younger criteria are satisfied here. First, the judgment is not final.  Second, review proceedings implicate an important state interest in enforcing criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). When the state proceedings have fully

concluded and his conviction becomes final, Petitioner may seek federal habeas relief. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction."). For these reasons, the Court does not find that extraordinary circumstances warrant intervention.

Based on the foregoing, the Court recommends that this action be dismissed without prejudice as premature and barred by Younger.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED WITHOUT PREJUDICE as premature.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **June 27, 2024**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE